IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LaFONSE DIXON,

  Petitioner,

v.

WARDEN, RICHLAND
CORRECTIONAL INSTITUTION,

  Respondent.

CASE NO. 2:16-CV-0251
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

On November 21, 2016, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (ECF No. 11.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF Nos. 16, 19.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 16) is **OVERRULED**. The *Report and Recommendation* (ECF No. 11) is **ADOPTED** and **AFFIRMED**. Petitioner's *Motion for Supplemental Brief* and *Second Motion for Supplemental Brief* (ECF Nos. 17, 19), are **GRANTED,** to the extent that Petitioner has requested an extension of time until March 2, 2017, to file additional arguments in support of his *Objection,* and the Court will consider those arguments here. Petitioner's *Motion to Appoint Counsel* (ECF No. 18) is **DENIED**. This action is hereby **DISMISSED**.

Petitioner challenges his convictions after a jury trial in the Muskingum County Court of Common Pleas on aggravated murder, kidnapping, and aggravated arson, in the brutal 2012 killing of Celeste Fronsman. He is serving a sentence of life without the possibility of parole. Petitioner asserts that that the trial court unconstitutionally failed to record the seating of the

entire jury panel (claim one); that he was prejudiced by the presence of Juror Number 64 (claim two); and that he was denied the effective assistance of counsel because his attorney failed to call alibi or exculpatory witnesses (claim three). The Magistrate Judge recommended dismissal of these claims as procedurally defaulted or without merit.

Petitioner objects to all of the Magistrate Judge's recommendations, and to the adverse factual findings of the state appellate court. He raises all of the same arguments he previously presented. Petitioner specifically disputes the state court's factual finding that the victim named him as one of her attackers before she died. According to Petitioner, Mark Bretz, who discovered Fronsmon on the roadway, did not indicate that Celeste identified Petitioner as one of her assailants until the day of trial, and never gave Petitioner's name to police. *Objection* (ECF No. 16, PageID# 1428.) Petitioner again argues that he was prejudiced because the trial court failed to record the entire seating of the jury. Petitioner maintains that he did not procedurally default this claim for review despite his failure to object, because the error arose from the fault of court personnel and caused him prejudice. Petitioner again argues that Juror 64, who was ultimately removed from the jury for sleeping, deprived him of his right to a fair and impartial jury. Petitioner further objects to the Magistrate Judge's recommendation of dismissal of his claim that he was denied the effective assistance of trial counsel as procedurally defaulted and without merit. In his *Second Motion for Supplemental Brief*, Petitioner additionally asserts, in the first instance, that he was denied the effective assistance of trial counsel because his attorney failed to challenge the kidnapping charges against him, based on a lack of evidence to establish the charge, and denied the effective assistance of appellate counsel based upon his attorney's failure to raise this claim. He also asserts that his appellate attorney improperly failed to raise other unidentified and potentially meritorious issues on appeal. (ECF No. 19, PageID# 1444.)

He additionally claims that he was denied the effective assistance of trial counsel because his attorney failed to obtain his statements to police, which would have established that Katrina Culberson and Monica Washington lied, and failed to obtain an expert burn witness, who could have established that the victim could not have given his name to Bretz. Petitioner complains that his appellate attorney refused to send him his legal papers so that he could file an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B), and filed his petition for post conviction relief one day late. Petitioner also indicates that his attorney failed to advise him that he could file an appeal in post conviction proceedings.

Preliminarily, to the extent that Petitioner now presents new claims that he did not previously raise, this Court will not now consider such issues here. Further, Petitioner has failed to rebut the presumption of correctness afforded to the factual findings of the state appellate court. 28 U.S.C. § 2254(e)(1). Despite Petitioner's argument to the contrary, Bretz testified that Fonson identified Katrina Culberson, Fonse Dixon, and Washington as the persons who had burned and beaten her before she died. *Trial Transcript* (ECF No. 8-7, PageID# 1269-70.) Nothing in the record demonstrates that Juror 64 tainted or biased the jury. Petitioner has waived his on-the-record claims of the denial of the effective assistance of trial counsel by failing to raise such claims on direct appeal, where he was represented by new counsel. As to Petitioner's claim that he was denied the effective assistance of trial counsel based on his attorney's failure to object, as noted by the state appellate court, Petitioner does not indicate, and the record does not reflect, any specific instances wherein his attorney should have objected, but did not. Petitioner has waived his claim that he was denied the effective assistance of trial counsel based on his attorney's failure to call certain defense witnesses as the trial court denied his post conviction petition as untimely, and Petitioner failed to file an appeal. Further, Petitioner has failed to

3

establish cause and prejudice for this procedural default. *See Onunwor v. Moore*, 655 Fed.Appx. 369, 375 (6th Cir. 2016)(noting that *Martinez v. Ryan*, -- U.S. --, 132 S.Ct. 1309, 1320 (2012)[1] does not apply to "appeals from initial-review collateral proceedings.")

> Accordingly, this court has held that "the *Martinez–Trevino* exception does not extend to attorney error at post-conviction appellate proceedings because those proceedings are not the 'first occasion' at which an inmate could meaningfully raise an ineffective-assistance-of-trial-counsel claim." *Atkins,* 792 F.3d at 661 (quoting *West v. Carpenter*, 790 F.3d 693, 698 (6th Cir. 2015)) (emphasis in original); *see also Williams v. Mitchell*, 792 F.3d 606, 615 (6th Cir. 2015). Thus, any error by postconviction appellate counsel cannot excuse procedural default[.]

*Id.* Petitioner failed either to file a timely petition for post conviction relief, or a timely appeal.

Moreover, Petitioner cannot establish prejudice. In his petition for post conviction relief, he claimed that his attorney performed in a constitutionally ineffective manner by failing to call his mother, Lisa Moore Blakely, and his girlfriend and mother of his child, Amanda Lancaster, to testify that he was with them on the night at issue. (ECF No. 8-1, PageID# 245-52.) However, as noted by the state appellate court, the record reflected "copious" evidence of Petitioner's guilt. Such evidence included

> the testimony of accomplices Culberson and Washington, plus that of many witnesses they came into contact with them throughout their campaign to terrorize, beat, and eventually kill Celeste Fronsman. Ralph Horne and his neighbor, Tammy Charlton, Don Fox, and Howard Cammon did not witness the murder itself but reluctantly corroborated details of the accomplices' stories of the days leading up to it. Appellee's case was replete with physical evidence, including the black belt, masking tape, and clothing used to bind Celeste. A soil expert testified the ground at the crime scene was positive for gasoline. Horne turned over the gas can. The Tahoe was examined and found to contain blood evidence.

---

[1] In *Martinez v. Ryan*, -- U.S. --, 132 S.Ct. 1309, 1320 (2012), the United States Supreme Court held that, "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."

4

> The tow strap around Celeste's neck was matched to a piece still inside the truck. DNA analysis established appellant could not be excluded as a depositor of DNA on the roll of masking tape used to bind Celeste's hands. An expert in analysis of cell phone records corroborated the calls placed amongst the accomplices and witnesses and tracked appellant's cell phone calls from Canton, south along Interstate 77, to Cambridge, Ohio and back. Those calls were placed between approximately 2:00 a.m. and 9:30 a.m. on the date of the murder.
>
> Finally, Celeste herself provided the strongest evidence against her killers. She told Mark Bretz the people who did this to her were Katrina Culberson, "Fonse" Dixon, and "Washington."

*State v. Dixon*, No. CT2013-0055, 2014 WL 4748540, at *5 (Ohio App. 5th Dist. Sept. 18, 2014). In view of the overwhelming evidence of guilt, Petitioner cannot establish prejudice from counsel's failure to call his mother and girlfriend as alibi witnesses under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Further, Petitioner's claim that the trial court's failed to record the entire seating of the jury panel is waived due to his failure to object, and the state appellate court's resulting review of this claim for plain error only. Finally, and for the reasons already addressed in the Magistrate Judge's *Report and Recommendation*, this Court likewise concludes that Petitioner has failed to establish that he is entitled to relief based on the seating of Juror 64.

For all of the foregoing reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* (ECF No. 16) is **OVERRULED**. The *Report and Recommendation* (ECF No. 11) is **ADOPTED** and **AFFIRMED**. Petitioner's *Motion for Supplemental Brief* and *Second Motion for Supplemental Brief* (ECF No. 17, ECF No. 19) are **ADOPTED**. Petitioner's *Motion to Appoint Counsel* (ECF No. 18) is **DENIED**. This action is hereby **DISMISSED**.

5

**IT IS SO ORDERED.**

                                                   _/s/_    3-13-2017

                                             EDMUND A. SARGUS, JR.
                                             **Chief United States District Judge**