# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**LaFONSE DIXON,**

    **Petitioner,**

v.

**WARDEN, RICHLAND CORRECTIONAL INSTITUTION,**

    **Respondent.**

**CASE NO. 2:16-CV-0251**
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

Petitioner has filed a *Motion for Reconsideration* of this Court's dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 22.) Petitioner complains that the Court was biased against him, because the Court granted him a twenty day extension of time to file objections to the Magistrate Judge's *Report and Recommendation*, rather than the thirty day extension of time that he had requested and did not rule on his request for an additional sixty days to file a supplemental brief or grant his request for the appointment of counsel prior to issuance of the March 13, 2017, *Opinion and Order* overruling his *Objection* and dismissing this action. (Doc. 20.) Petitioner further contends that the Court must be biased against him in view of the facts of the case and in view of the summary denial of his request for the appointment of counsel. Petitioner requests reconsideration of the final judgment of dismissal of this case on this basis. He has filed a *Motion for Recusal* (Doc. 23) on these same grounds. Additionally, Petitioner again argues that, contrary to the factual findings of the state appellate court, the victim did not identify him as one of her assailants before she died and his attorney should have called an expert witness to establish that the victim could not have done so. For the reasons that

follow, Petitioner's *Motion for Reconsideration* (Doc. 22) and *Motion for Recusal* (Doc. 23) are **DENIED**.

> Rule 60(b) of the Federal Rules of Civil Procedure provides:
>
>> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>>
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>>
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>>
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>>
>> (4) the judgment is void;
>>
>> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>>
>> (6) any other reason that justifies relief.

The Court will not now again address, in the context of a Rule 60(b) motion, Petitioner's repeated arguments that the Court improperly rejected his claims on the merits. Such arguments are not properly addressed in Rule 60(b) proceedings. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)(a Rule 60(b) motion that attacks the federal court's previous resolution of a claim on the merits constitutes a successive habeas corpus petition and is subject to the requirements for the filing of successive petitions); *Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016)("a prisoner seeking relief under Rule 60(b) brings a 'second or successive' habeas application when he 'seeks to present new evidence in support of a claim already litigated'")(citing *Moreland v. Robinson*, 813 F.3d 315, 323 (6th Cir. 2016)).

2

Further, Petitioner has provided no basis for reconsideration of the final judgment of dismissal of this case. The record is without support for Petitioner's claim of judicial bias. The Court provided Petitioner with more than ample opportunity to file objections to the Magistrate Judge's recommendation of dismissal. On December 21, 2016, the Court vacated its prior dismissal of this action and granted Petitioner an extension of twenty days to file objections to the Magistrate Judge's *Report and Recommendation*, as Petitioner had indicated that he did not timely receive notice of the Magistrate Judge's *Report and Recommendation*, and that he did not have sufficient time to prepare his objections. (*See* Docs. 14, 15.) The Court then granted Petitioner an additional extension of time until March 2, 2017, to file further arguments in support of his *Objection*, which he presented in his *Motion for Supplemental Brief* and *Second Motion for Supplemental Brief*. *See Opinion and Order* (Doc. 20.) Further, the record fails to reflect that this case was unduly complex or that Petitioner could not adequately present his arguments such that the interests of justice or due process required the appointment of counsel.

> [i]t is well established that a habeas corpus proceeding is civil in nature, and the Sixth Amendment right to counsel afforded for criminal proceedings does not apply. *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *Barker v. Ohio*, 330 F.2d 594 (6th Cir.1964). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. 18 U.S.C. § 3006A(g); *Mira v. Marshall*, 806 F.2d 636 (6th Cir.1986). Appointment of counsel in a habeas proceeding has been found to be mandatory only if the district court determines that an evidentiary hearing is required. Rule 8(c), Rules Governing § 2254 Cases. Where no evidentiary hearing is necessary, as in the instant case, the district court will often consider (1) the legal complexity of the case, (2) factual complexity of the case, and (3) petitioner's ability to investigate and present his claims, along with any other relevant factors.

*Miller v. Voories*, No. 2:09–cv–00230, 2010 WL 654006, at *2 (S.D.Ohio Feb.19, 2010) (quoting *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994)). The Court's summary denial of

3

Petitioner's request for the appointment of counsel after the filing of his objections does not reflect bias on the part of the Court or a basis for reconsideration of the final judgment of dismissal.

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Recusal is warranted where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," has served as a lawyer in the matter in private practice or has practiced law with an attorney who did, has previously expressed an opinion concerning the merits of the case, has a financial interest in the subject matter in controversy "or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b). Recusal is justified " 'only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.' " *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983)(quoting *Trotter v. International Longshoremen's & Warehousemen's Union*, 704 F.2d 1141, 1144 (9th Cir. 1983)). This standard is an objective standard and not based on the subjective view of the particular litigant. *United Stales v. Summons*, 918 F.2d 592, 599 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989). Absent such disqualifying factors, however, "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." *Laird. v. Tatum*, 409 U.S. 824, 837 (1972) (emphasis omitted).

Under 28 U.S.C. § 144,

> [w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

4

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Petitioner has not filed such an affidavit, and his request for recusal is not timely. Moreover, the Sixth Circuit has noted:

> Disqualification must be predicated on extrajudicial conduct rather than judicial conduct. *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983). Appellant herein does not allege that the trial judge should have recused himself on the basis of personal bias, but bases his contention that the trial judge was biased because of the judicial proceedings over which the judge presided. Appellant fails to show that the trial court was personally biased against him. *See In Re M. Ibrahim Khan, P.S.C.*, 751 F.2d 162 (6th Cir. 1984). Consequently, there is no showing of actual prejudice resulting from any actions of the trial judge.

*Zimmer v. United States*, 780 F.2d 1024 (Table), unpublished, 1985 WL 13998, at * 1 (6th Cir. Nov. 15, 1985).

The records of this Court offer no basis for Petitioner's allegations of bias. Notably, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of ... prior proceedings, do not constitute a basis for bias or partiality." *Id*, at 555. Moreover, the undersigned has conducted a de novo and independent review of the record in this action.

Petitioner's *Motion for Reconsideration* (Doc. 22) and *Motion for Recusal* (Doc. 23) therefore are **DENIED.**

5

**IT IS SO ORDERED.**

                                                              /s/ _____ 6-1-2017
                                                   EDMUND A. SARGUS, JR.
                                                   Chief United States District Judge